CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
KATHERINE FAJARDO and VICTOR
MORALES, *individually and on behalf of
others similarly situated,*

                     *Plaintiffs*,

        -against-

SIMPLE SICHUAN INC. (D/B/A O
MANDARIN), PETER LIU, JIANG ZHENG
AKA KEVIN ZHENG, and DANIEL
NEGRIN,

                    *Defendants.*

-------------------------------------------------------X

                                         **COMPLAINT**

                      **COLLECTIVE ACTION UNDER**
                           **29 U.S.C. § 216(b)**

                                  **ECF Case**

Plaintiffs Katherine Fajardo and Victor Morales, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, CSM Legal, P.C., upon their knowledge and belief, and as against Simple Sichuan Inc. (d/b/a O Mandarin), ("Defendant Corporation"), Peter Liu, Jiang Zheng aka Kevin Zheng, and Daniel Negrin, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.     Plaintiffs are former employees of Defendants Simple Sichuan Inc. (d/b/a O Mandarin), Peter Liu, Jiang Zheng aka Kevin Zheng, and Daniel Negrin.

2.     Defendants own, operate, or control a Chinese Restaurant, located at 361 N. Central Ave., Hartsdale, NY 10530, under the name "O Mandarin".

3.      Upon information and belief, individual Defendants Peter Liu, Jiang Zheng aka Kevin Zheng, and Daniel Negrin, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Fajardo was employed as a food runner at the restaurant located at 361 N. Central Ave., Hartsdale, NY 10530.

5.      Plaintiff Morales was employed as a server at the restaurant located at 361 N. Central Ave., Hartsdale, NY 10530.

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

9.      Furthermore, Defendants failed to pay Plaintiff Morales' wages on a timely basis.

10.      At all relevant times, Defendants paid Plaintiff Morales at a rate that was lower than the required tip-credit rate.

11.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

12.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without

providing the minimum wage and overtime compensation required by federal and state law and regulations.

13.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

14.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

16.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Chinese Restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

17.     Plaintiff Katherine Fajardo ("Plaintiff Fajardo" or "Ms. Fajardo") is an adult individual residing in White Plains County, New York.

18.     Plaintiff Fajardo was employed by Defendants at O Mandarin from approximately November 2019 until on or about January 8, 2023.

19.     Plaintiff Victor Morales ("Plaintiff Morales" or "Mr. Morales") is an adult individual residing in White Plains County, New York.

20.     Plaintiff Morales was employed by Defendants at O Mandarin from approximately October 2019 until on or about January 8, 2023.

*Defendants*

21.     At all relevant times, Defendants own, operate, or control a Chinese Restaurant, located at 361 N. Central Ave., Hartsdale, NY 10530 under the name "O Mandarin".

22.     Upon information and belief, Simple Sichuan Inc. (d/b/a O Mandarin) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 361 N. Central Ave., Hartsdale, NY 10530.

23.     Defendant Peter Liu is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Peter Liu is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Peter Liu possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Jiang Zheng aka Kevin Zheng is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jiang Zheng

aka Kevin Zheng is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jiang Zheng aka Kevin Zheng possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Daniel Negrin is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Daniel Negrin is sued individually in his capacity as a manager of Defendant Corporation. Defendant Daniel Negrin possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

26.     Defendants operate a Chinese Restaurant located in a neighborhood in Westchester County.

27.     Individual Defendants, Peter Liu, Jiang Zheng aka Kevin Zheng, and Daniel Negrin, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.     In the alternative, Individual Defendants Peter Liu and Jiang Zheng aka Kevin Zheng constitute a single employer of Plaintiffs and/or similarly situated individuals.

32.     Upon information and belief, Defendants operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

33.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

34.     In each year from 2019 to 2023, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

36.     Plaintiffs are former employees of Defendants who were employed as a runner and as a server.

37.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Katherine Fajardo*

38.     Plaintiff Fajardo was employed by Defendants from approximately November 2019 until on or about January 8, 2023.

39.     Defendants employed Plaintiff Fajardo as a food runner.

40.    Plaintiff Fajardo regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

41.    Plaintiff Fajardo's work duties required neither discretion nor independent judgment.

42.    Throughout her employment with Defendants, Plaintiff Fajardo regularly worked in excess of 40 hours per week.

43.    From approximately November 2019 until on or about March 2020, Plaintiff Fajardo worked from approximately 11:00 a.m. until on or about 10:00 p.m., Monday through Wednesday, from approximately 11:00 a.m. until on or about 10:30 p.m., Friday and Saturday, and from approximately 11:00 a.m. until on or about 9:00 p.m., Sunday (typically 66 hours per week).

44.    From approximately July 15, 2020, until on or about December 2021, Plaintiff Fajardo worked from approximately 11:00 a.m. until on or about 9:00 p.m., Monday through Wednesday, from approximately 11:00 a.m. until on or about 9:30 p.m., Friday and Saturday, and from approximately 11:00 a.m. until on or about 9:00 p.m., Sunday (typically 61 hours per week).

45.    From approximately January 2022 until on or about October 2022, Plaintiff Fajardo worked from approximately 11:00 a.m. until on or about 9:00 p.m., Monday through Wednesday, and from approximately 11:00 a.m. until on or about 9:30 p.m., Friday and Saturday (typically 51 hours per week).

46.    From approximately November 2022 until on or about January 8, 2023, Plaintiff Fajardo worked from approximately 11:00 a.m. until on or about 9:30 p.m., Monday through Wednesday, and from approximately 11:00 a.m. until on or about 10:00 p.m., Friday and Saturday (typically 53.5 hours per week).

47.    From approximately November 2019 until on or about April 2022, Defendants paid Plaintiff Fajardo her wages in cash.

48.     From approximately May 2022 until on or about January 8, 2023, Defendants paid Plaintiff Fajardo her wages by check.

49.     From approximately November 2019 until on or about March 2020, Defendants paid Plaintiff Fajardo a fixed salary of $130 per day.

50.     From approximately July 2020 until on or about September 2021, Defendants paid Plaintiff Fajardo a fixed salary of $140 per day.

51.     From approximately September 2021 until on or about March 2022, Defendants paid Plaintiff Fajardo a fixed salary of $150 per day.

52.     From approximately April 2022 until on or about January 8, 2023, Defendants paid Plaintiff Fajardo at a rate of $17.00 per hour for regular work hours and $25.50 per hour for overtime hours.

53.     Plaintiff Fajardo never received tips as a food runner.

54.     When she received a fixed salary, from approximately November 2019 until on or about March 2022, Plaintiff Fajardo's pay remained unchanged, despite being required to stay later or work a longer day than her usual schedule.

55.     For example, Defendants required Plaintiff Fajardo to work an additional 30 minutes past her scheduled departure time two days a week, and did not pay her for the additional time she worked.

56.     Although Defendants granted Plaintiff Fajardo a one-hour break, she was not allowed to take breaks during holiday seasons.

57.     Upon information and belief, Defendants only started recording Plaintiff's Fajardo hours around April 2022.

58.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Fajardo regarding overtime and wages under the FLSA and NYLL.

59.     Defendants did not provide Plaintiff Fajardo an accurate statement of wages, as required by NYLL 195(3).

60.     Defendants did not give any notice to Plaintiff Fajardo, in English and in Spanish (Plaintiff Fajardo's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Victor Morales*

61.     Plaintiff Morales was employed by Defendants from approximately October 2019 until on or about January 8, 2023.

62.     Defendants employed Plaintiff Morales as a server.

63.     Plaintiff Morales regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

64.     Plaintiff Morales's work duties required neither discretion nor independent judgment.

65.     Throughout his employment with Defendants, Plaintiff Morales regularly worked in excess of 40 hours per week.

66.     From his first two weeks of employment starting in October 2019, Plaintiff Morales worked from approximately 11:00 a.m. until on or about 10:00 p.m., 3 to 4 days (typically 33 to 44 hours each week).

67.     From approximately October 16, 2019, until on or about September 15, 2022, Plaintiff Morales worked from approximately 11:00 a.m. until on or about 10:00 p.m., 5 days a week (typically 55 hours per week).

68.     From approximately September 16, 2022, until on or about January 8, 2023, Plaintiff Morales worked from approximately 11:00 a.m. until on or about 10:00 p.m., 4 days a week and from approximately 11:00 a.m. until on or about 4:00 p.m., Saturdays (typically 49 hours per week).

69.     For approximately 14 to 16 weeks per year, usually in preparation for the Chinese New Year, Plaintiff Morales worked an additional day from 11:00 a.m. until on or about 10:00 p.m.

70.     Throughout his employment, Defendants paid Plaintiff Morales his wages in a combination of checks and cash for tips.

71.     From approximately October 2019 until on or about December 2021, Defendants paid Plaintiff Morales $8.00 per hour.

72.     From approximately January 2022 until on or about January 8, 2023, Defendants paid Plaintiff Morales $9.35 per hour.

73.     Defendants required Plaintiff Morales to work an additional 30 minutes after his scheduled departure time two days a week, and did not pay him for the additional time he worked.

74.     Although Defendants granted Plaintiff Morales a break, it was often interrupted. Plaintiff Morales was not allowed to take breaks not during the holiday seasons.

75.     Although Plaintiff Morales was required to keep track of his time, he often had to stay at least an extra 30 minutes after punching out. As a result, Plaintiff Morales was not compensated for all of the hours that he worked.

76.     On a number of occasions, Defendants required Plaintiff Morales to sign a tax form, the contents of which he was not allowed to review in detail.

77.     Defendants took improper and illegal deductions of Plaintiff Morales's tip wages, particularly when customers had issues with their orders.

78.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Morales regarding overtime and wages under the FLSA and NYLL.

79.     Defendants did not provide Plaintiff Morales an accurate statement of wages, as required by NYLL 195(3).

80.     Upon information and belief, Defendants adjusted Plaintiff Morales's paystubs so that they reflected inaccurate wages and hours worked.

81.     Defendants did not give any notice to Plaintiff Morales, in English and in Spanish (Plaintiff Morales's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

82.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

83.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

84.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

85.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

86.     Plaintiff Morales and all other tipped workers were paid below the tipped wage by Defendants.

87.     In violation of federal and state law as codified above, Defendants classified Plaintiff Morales and other tipped workers as tipped employees, and paid them at a rate that was below the tip credit when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

88.     Defendants failed to inform Plaintiff Morales who received tips that Defendants intended to take a deduction against Plaintiff Morales' earned wages for tip income, as required by the NYLL before any deduction may be taken.

89.     Defendants failed to inform Plaintiff Morales who received tips, that his tips were being credited towards the payment of the minimum wage.

90.     Defendants failed to maintain a record of tips earned by Plaintiff Fajardo who worked as a runner for the tips she received. Defendants' time keeping system did not reflect the actual hours that Plaintiff Fajardo worked.

91.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

92.     On a number of occasions, Defendants required Plaintiff Morales to sign a tax form document of which he was not allowed to review in detail. Defendants paid Plaintiffs their wages in a combination of check and cash.

93.     On a number of occasions, Defendants required Plaintiff Fajardo to sign a notebook in order to release her pay.

94.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

95.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

96.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

97.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

98.     Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

99.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name

of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

100.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

101.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

102.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

103.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

104.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their

employment, and determined the rate and method of any compensation in exchange for their employment.

105.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

106.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

107.     Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

108.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

109.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

110.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

111.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

112.     Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

113.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

114.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

115.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

116.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

117.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

118.     Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

119.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

120.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

121.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

122.     Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

123.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

124.     Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

125.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

126.     Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

127.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

128.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

129.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

<b><u>SEVENTH CAUSE OF ACTION</u></b>

<b>VIOLATION OF THE WAGE STATEMENT PROVISIONS</b>

<b>OF THE NEW YORK LABOR LAW</b>

130.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

131.   With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

132.   Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

<b><u>EIGHT CAUSE OF ACTION</u></b>

<b>UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION</b>

<b>OF THE NEW YORK LABOR LAW</b>

133.   Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

134.   At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

135.   Defendants made unlawful deductions from Plaintiffs' wages; specifically, Defendants deducted from Plaintiff's tips for wrong plates.

136.   The deductions made from Plaintiffs' wages were not authorized or required by law.

137.   Through their knowing and intentional efforts to take unauthorized deductions from

- 19 -

Plaintiffs' wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

138.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

139.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

140.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)     Awarding Plaintiff liquated damages in an amount equal to one hundred percent (100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interests pursuant to NYLL §191(1)(a), 198;

(m)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(n)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(o)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(p)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(q)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(r)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(s)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(t)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

June 23, 2023

CSM Legal, P.C

By:    _____/s/ Catalina Sojo, Esq._____
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# CSM Legal, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

February 6, 2023

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)**

Name / Nombre:                    Victor Morales

Legal Representative / Abogado:   CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                     February 6, 2023

*Certified as a minority-owned business in the State of New York*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

January 10, 2023

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Katherine Fajardo

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:                 Katherine Fajardo

Date / Fecha:                      10 de Enero 2023